IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TENNESSEE
EASTERN DIVISION

AMY J. PRICE,

    Plaintiff,

v.                                                        No. 16-1195

CAPITAL ONE NATIONAL ASSOCIATION
and EQUIFAX INFORMATION SERVICES,
LLC,

    Defendants.

---

ORDER GRANTING THE MOTION TO DISMISS OF DEFENDANT CAPITAL ONE
NATIONAL SERVICES

---

*INTRODUCTION*

    This action was brought on July 5, 2016, by the Plaintiff, Amy J. Price, who was at that time proceeding *pro se*, against the Defendants, Capital One National Association[1] ("Capital One") and Equifax Information Services, LLC ("Equifax"), alleging violation of the Fair Credit Reporting Act, 15 U.S.C. § 1681, *et seq*. ("FCRA"). (Docket Entry ("D.E.") 1.) On August 16, 2016, Capital One moved for dismissal of her claims pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure. (D.E. 10.) Around that same time, attorney Aubrey L. Harper appeared on behalf of the Plaintiff in this matter and, on September 28, 2016, filed a response to the instant motion. (D.E. 15.) Capital One filed its reply on October 12, 2016. (D.E. 16.)

---

[1] In its motion to dismiss, this Defendant advised the Court that its correct name is Capital One Bank (USA), N.A. The Clerk of Court is DIRECTED to change the docket to reflect the correct name of the Defendant.

1

## STANDARD OF REVIEW

Rule 12(b)(6) permits a court to dismiss a complaint for "failure to state a claim upon which relief can be granted[.]" Fed. R. Civ. P. 12(b)(6). In determining whether dismissal under the rule is appropriate, the court must view the complaint in the light most favorable to the plaintiff, accept the pleading's allegations as true and draw all reasonable inferences in the plaintiff's favor. *Gavitt v. Born*, ___ F.3d ___, 2016 WL 4547258, at *10 (6th Cir. Sept. 1, 2016). The "complaint must state a claim to relief that rises above the speculative level and is plausible on its face." *Luis v. Zang*, ___ F.3d ___, 2016 WL 4363151, at *3 (6th Cir. Aug. 16, 2016) (quoting *Hensley Mfg. v. ProPride, Inc.*, 579 F.3d 603, 609 (6th Cir. 2009)) (internal quotation marks omitted); *reh'g & reh'g en banc denied* (Sept. 16, 2016). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* (quoting *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009)). "[I]f it appears beyond doubt that the plaintiff can prove no set of facts in support of [her] claims that would entitle [her] to relief, then dismissal is proper." *Smith v. Lerner, Sampson & Rothfuss, L.P.A.*, ___ F. App'x ___, 2016 WL 4269803, at *3 (6th Cir. Aug. 15, 2016) (internal alterations omitted).

## FACTS ALLEGED

The following allegations are set forth in the complaint and, for purposes of this motion, taken as true. In July 2014, Price employed Lexington Law Firm ("Lexington") of North Salt Lake, Utah, to assist her concerning the furnishing and publication of inaccurate information relative to a charge-off provided to credit reporting agencies ("CRAs") by Capital One. This information included an account with Capital One reflecting an inaccurate payment history and balance. That same month, the firm sent "legal challenges" to CRAs Equifax, Experian and

Trans Union. In August 2014, Lexington advised her that the charge-off had been removed from the records of Experian and Trans Union. She received a letter from Capital One in November 2015 indicating the information had been removed. In January 2016, Equifax notified her that they would no longer publish it. Price alleged in her complaint that, prior to these notifications, the Defendants wrongfully reported derogatory and inaccurate statements and information relating to her and her credit history (the charge-off) to third parties.

## ASSERTIONS OF THE PARTIES AND ANALYSIS

"Congress enacted FCRA in 1970 to ensure fair and accurate credit reporting, promote efficiency in the banking system, and protect consumer privacy." *Miller v. Trans Union, LLC*, 644 F. App'x 444, 450 (6th Cir. 2016) (quoting *Safeco Ins. Co. of Am. v. Burr*, 551 U.S. 47, 52 (2007)) (alterations omitted). The purpose of the statute was

> to require that consumer reporting agencies adopt reasonable procedures for meeting the needs of commerce for consumer credit, personnel, insurance, and other information in a manner which is fair and equitable to the consumer. with regard to the confidentiality, accuracy, relevancy, and proper utilization of such information in accordance with the requirements of the [statute].

*Id.*

The Plaintiff seeks to impose liability upon Capital One for its alleged failure to make an adequate investigation designed to ensure the accuracy of her credit report and its furnishing of inaccurate information to CRAs during a time in which a dispute over the accuracy of that information was pending. FCRA prohibits a furnisher of information, such as Capital One, from providing "any information relating to a consumer to any consumer reporting agency if the [furnisher] knows or has reasonable cause to believe that the information is inaccurate." 15 U.S.C. § 1681s-2(a)(1)(A). There is no private right of action for violations of subsection (a). 15 U.S.C. § 1681s-2(d); *Boggio v. USAA Fed. Sav. Bank*, 696 F.3d 611, 615-16 (6th Cir. 2012).

Accordingly, to the extent Price's allegations may be construed as seeking damages for violations of subsection (a) by Capital One, they are DISMISSED.

There is, however, a private remedy available under subsection (b) of the statute, which provides as follows:

> After receiving notice pursuant to [§] 1681i(a)(2) of this title of a dispute with regard to the completeness or accuracy of any information provided by a person to a consumer reporting agency, the person shall –
>
> (A) conduct an investigation with respect to the disputed information;
>
> (B) review all relevant information provided by the consumer reporting agency . . .;
>
> (C) report the results of the investigation to the consumer reporting agency;
>
> (D) if the investigation finds that the information is incomplete or inaccurate, report those results to all other consumer reporting agencies to which the person furnished the information and that compile and maintain files on consumers on a nationwide basis; and
>
> (E) if an item of information disputed by a consumer is found to be inaccurate or incomplete or cannot be verified after any reinvestigation . . ., for purposes of reporting to a consumer reporting agency only, as appropriate, based on the results of the reinvestigation promptly –
>
> > (i) modify that item of information;
> >
> > (ii) delete that item of information; or
> >
> > (iii) permanently block the reporting of that item of information.

15 U.S.C. § 1681s-2(b); *see Boggio*, 696 F.3d at 616.

Section 1681i(a)(2) requires a CRA that "receives notice of a dispute from any consumer . . . [to] provide notification of the dispute to any person who provided any item of information in dispute." 15 U.S.C. § 1681i(a)(2)(A). Thus, the obligations of Capital One under § 1681s-2(b) would have come into play only after it received notice of a dispute from a CRA. *See Merritt v. Experian*, 560 F. App'x 525, 529 (6th Cir. 2014) ("'Furnishers' of information to

consumer reporting agencies do have certain responsibilities to investigate -- but only after receiving a request from a consumer reporting agency to respond to a dispute."); *Brown v. Wal-Mart Stores, Inc.*, 507 F. App'x 543, 547 (6th Cir. 2012) ("A private cause of action against a furnisher of information does not arise until a consumer reporting agency provides proper notice of a dispute.") (per curiam). "Directly contacting the furnisher of credit information does not actuate the furnisher's obligation to investigate a complaint." *Brown*, 507 F. App'x at 547. A furnisher "has no duty to [a consumer plaintiff] to conduct an investigation or to take any of the other affirmative steps in [subsection (b)] to correct incomplete or inaccurate information because such duty is owed only to the consumer reporting agency." *Harris v. Ally Fin., Inc.*, Civ. No. 2:15-cv-02501-JPM-dkv, 2015 WL 7588263, at *5 (W.D. Tenn. Nov. 25, 2015). Capital One argues that dismissal is appropriate because Price did not allege that it received notice of her dispute directly from a CRA so as to trigger its obligations under subsection (b).

The complaint avers that, in July 2014, Price contacted Equifax, which refused to remove the false reporting by Capital One. In her response to the motion to dismiss, her counsel expanded on the statements made in the *pro se* pleading, adding that, in July 2014, Plaintiff requested Equifax to remove the false reporting by Capital One and/or conduct an investigation and complied with the CRA's instruction to complete an on-line dispute filing. Counsel also argued that Plaintiff received, on July 18, 2014, written correspondence from Capital One acknowledging that she had disputed the reporting to CRAs. Price made no allegation in her complaint, however, that a CRA notified Capital One of the dispute. Thus, the Court finds that a FCRA violation has not been sufficiently pleaded.

*CONCLUSION*

Based on the foregoing, the motion of Defendant Capital One to dismiss the Plaintiff's claims against it is GRANTED.

IT IS SO ORDERED this 19th day of October 2016.

s/ J. DANIEL BREEN<br>CHIEF UNITED STATES DISTRICT JUDGE